UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE CARMACK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACRT PACIFIC, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | No. 2:25-cv-01481-DJC-CSK<br><br><br>ORDER |

    Before the Court are a Motion to Remand (ECF No. 12) and a Motion for Judgment on the Pleadings (ECF No. 10). Plaintiff originally filed suit in the Superior Court of California, County of San Joaquin. Defendant removed the action to this Court on the basis that Section 301 of the Federal Labor Relations Management Act ("LRMA") preempts Plaintiff's claim for overtime wages – that is otherwise grounded in state law – because Plaintiff's employment was subject to a collective bargaining agreement ("CBA"). Plaintiff brings the present Motion to Remand arguing that his rights asserted do not arise under or rely on an interpretation of the CBA and thus are not preempted by Section 301 of the LRMA. Relatedly, Defendant brings a Motion for Judgment on the Pleadings arguing that because Plaintiff's claim for overtime wages is preempted, it must be dismissed. The Court holds that Defendant properly

1

removed this action based on federal preemption of the overtime wages claim. However, because this claim is dismissed with prejudice on separate grounds, the Court does not have federal jurisdiction over any remaining claim, declines to exercise supplemental jurisdiction, and therefore remands this matter to state court. Accordingly, the Court GRANTS Plaintiff's Motion to Remand and GRANTS IN PART Defendant's Motion for Judgment on the Pleadings.

**BACKGROUND**

Joe Carmack ("Plaintiff") worked for ACRT Pacific, LLC ("Defendant") as a Vegetation Manager Inspector from January 2023 until December 2023. (Compl. ¶ 16, ECF No. 1-2.) While employed, Plaintiff was covered by the collective bargaining agreement between Defendant and Local Union 1245 of the International Brotherhood of Electrical Workers (hereinafter, the "CBA"). (CBA, ECF No. 10-3.) Plaintiff alleges that Defendant failed to pay him and his coworkers for regular hours, overtime, and sick pay. (*Id*. ¶ 3.) Plaintiff furthers that Defendant failed to provide meal breaks, itemized wage statements, and timely payment of wages. (*Id*.) On behalf of a putative class, Plaintiff filed a complaint ("the Complaint"), alleging nine claims under California law. (*Id*. at 1.)

Plaintiff originally filed suit in the Superior Court of California, County of San Joaquin. (Notice of Removal, ECF No. 1.) Defendant then timely removed the case. (*See id*.) Defendant asserted that the Court has federal question jurisdiction because Plaintiff's Second Cause of Action – a claim for violation of state law regarding overtime wages – is preempted by Section 301 of the LRMA (hereinafter, "Section 301"). (*Id*. at 4.)

Plaintiff now moves to remand the case. (Pl.'s Mot., ECF No. 12.) Plaintiff argues that the Second Cause of Action is not preempted or, alternatively, that federal jurisdiction does not arise from the face of the Complaint. (*Id*. at 1–4.) Three days before Plaintiff filed his Motion, Defendant brought a Motion for Judgment on the Pleadings. (Def.'s Mot., ECF No. 10.) Defendant argues that because the Second

1  Cause of Action is preempted, it must be dismissed.[1]  (*Id*. at 1, 3–6.)  Separately, Defendant argues that the Sixth Cause of Action for inaccurate wage statements must be dismissed as time-barred.  (*Id*. at 7.)

The matter is fully briefed and was submitted without oral argument pursuant to Local Rule 230(g).  (ECF No. 21.)  Per the Court's Order, *see* ECF No. 18, the parties submitted supplemental briefs regarding the Second Cause of Action and the Court's exercise of supplemental jurisdiction.  (Pl.'s Supp. Brief, ECF No. 20; Def.'s Supp. Brief, ECF No. 19.)

## DISCUSSION

### I.  Requests for Judicial Notice

A district court may take judicial notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Defendant makes two requests for judicial notice ("RJN").  First, Defendant seeks judicial notice of the CBA.  (RJN In Support of Def.'s Mot, ECF No. 10-2.)  Second, Defendant asks the Court to take notice of state and city records of minimum wage rates.  (RJN In Support of Def.'s Opp'n, ECF No. 15-1.)  These requests are unopposed.

The Court finds that both documents are suitable for judicial notice.  *See Rose v. Cemex Constr. Materials Pac., LLC*, No. 2:23-CV-01979-WBS-AC, 2024 WL 307790, at *1 (E.D. Cal. Jan. 26, 2024) (granting judicial notice of a CBA for preemption issues on motion to dismiss); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (holding a court "may take judicial notice of a record of a state agency not subject to reasonable dispute").  Accordingly, the Court GRANTS Defendant's Requests for Judicial Notice (ECF Nos. 10-2 and 15-1).

---

[1] While the overtime claim is presented in the Second Cause of Action, Defendant points out that there are derivative overtime claims in the Sixth, Seventh, and Ninth Causes of Action.  (*See* Def.'s Mot. at 6; Compl. ¶¶ 80, 87, 94.)

## II. Motion to Remand

### A. Legal Standard

Under 28 U.S.C. Section 1441, a defendant may remove a civil action from state court to federal court if there exists original jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Courts strictly construe the removal statute against removal, and federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party removing a case to federal court "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

### B. Second Cause of Action

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[a] corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393.).

Section 301 carries this extraordinary preemptive force. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). Where a CBA governs the claim against an employer, Section 301 preempts the claim and converts it to a federal question over which a federal court has jurisdiction. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). In effect, Section 301 "displace[s] entirely any state cause of action for violation of contracts between an employer and a labor organization," *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983), such that "any claim purportedly based on [a] . . . state law is considered, from its inception, a federal claim, and therefore arises under federal law," *Caterpillar*, 482 U.S. at 393.

To determine if Section 301 preemption applies, courts apply the two-step inquiry articulated in *Burnside*. *Curtis*, 913 F.3d at 1152. First, if the asserted cause of action involves a "right [that] exists solely as a result of the [CBA]," then the claim is preempted. *Id.* (citations omitted). If the cause of action involves a right independent of the CBA, the court proceeds to the second step to determine whether a plaintiff's right under state law is nonetheless "substantially dependent" on analysis of the CBA. *Burnside*, 491 F.3d at 1059. If the claim involves an "active dispute over the meaning of contract terms" in the CBA, then the claim is preempted. *Curtis*, 913 F.3d at 1153 (citation omitted).

Defendant alleged that Plaintiff's Second Cause of Action is preempted by Section 301. (Notice of Removal at 4.) This claim is for failure to pay overtime wages in violation of California Labor Code Section 510. (Compl. ¶¶ 56–61.) Defendant argues that Plaintiff's allegations of overtime wages are exempted by Labor Code section 514, which exempts employers from complying with Section 510 if their employees are covered by a CBA that: (1) "expressly provides for the wages, hours of work, and working conditions of the employees"; (2) "provides premium wage rates for all overtime hours worked"; and (3) provides "a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514; *see also Curtis*, 913 F.3d at 1154.

The evidence subject to judicial notice demonstrates that Plaintiff was covered by a CBA that satisfied the criteria laid out in Section 514. First, the CBA provides for the wages of employees. (CBA, Ex. A.) It also provides for the hours of work and otherwise details working conditions. (*Id.*, Arts. III–VI.) Second, the CBA provides premium wage rates for overtime hours worked, as any work performed outside of regular scheduled working hours (and on weekends and holidays) "shall be paid for at double the regular straight-time rate of pay." (*Id.*, Art. IV.) Finally, as Defendant demonstrates, the CBA provides a regular hourly rate of pay more than 130% of the state minimum wage. (*Id.*, Ex. A; Def.'s Opp'n at 3, ECF No. 15.) For example, as a

Vegetation Management Inspector in January 2023, Plaintiff earned $38.74 per hour, which was more than double the statewide minimum wage of $15.50 per hour. (*See* CBA, Ex. A; RJN, Ex. A, ECF No. 15-2.)

In his Motion, Plaintiff did not contest that the CBA satisfies the criteria in Section 514, even though Defendant clearly relied upon Section 514's exemption in its Notice of Removal to assert federal jurisdiction. (*See* Pl.'s Mot. at 1–4.) After Defendant reiterated this argument in its opposition brief, Plaintiff decided to contest this argument for the first time in his reply brief. (*See* Pl.'s Reply at 2, ECF No. 17.) Because "[a]rguments raised for the first time in a reply brief are waived," the Court need not consider Plaintiff's argument. *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012). Even if the Court considered this new argument, it would find Plaintiff's contention unavailing. Instead of contesting that the CBA satisfies a criterion in Section 514, Plaintiff confusingly argues that the CBA has an inadequate grievance procedure. (*See* Pl.'s Reply at 2–3.) Plaintiff provides no statutory or legal authority explaining why an alleged shortcoming in the grievance procedure prevents the CBA from satisfying Section 514. Indeed, Section 514 does not concern a grievance procedure but rather focuses on the requirements outlined above. *See* Cal. Lab. Code § 514. Accordingly, the Court rejects Plaintiff's argument and holds that the CBA satisfies Section 514.[2]

The CBA's compliance with Section 514 is dispositive of the Court's inquiry into whether it has federal jurisdiction. While Plaintiff cites district court cases to support its position that the Court cannot exercise jurisdiction based on Defendant's introduction of the CBA (as Plaintiff did not plead any allegations regarding the agreement), those cases were all decided before *Curtis*. (*See* Pl.'s Mot. at 2.) "[T]he Ninth Circuit's ruling in *Curtis v. Irwin Industries, Inc.* is decisive in demonstrating that a plaintiff's right to unpaid overtime is preempted under the first step of the Ninth

---

[2] The Court elsewhere addresses Plaintiff's argument that the CBA should be rendered invalid because it is allegedly unconscionable. (*See infra* Discussion Part III.B.)

6

Circuit's preemption test if a CBA meets the requirements of § 514." *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021) (citation omitted). Though *Curtis* dealt with a motion to dismiss, "an overwhelming majority of courts have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs compliant with section 514." *Alexander v. Bio-Pac., LLC*, No. 2:23-CV-00139-SPG-PD, 2023 WL 2573866, at *4 (C.D. Cal. Mar. 20, 2023) (collecting cases); see also *Wallace v. Medic Ambulance Serv., Inc.*, No. 2:24-CV-02459-DAD-JDP, 2025 WL 1142155 (E.D. Cal. Apr. 11, 2025); *Shanley v. Tracy Logistics LLC*, 756 F. Supp. 3d 820 (E.D. Cal. 2024). Because Section 514 exempts Plaintiff from the protections of Section 510, his overtime cause of action involves a "right [that] exists solely as a result of the" CBA, and the Court need not address the second inquiry articulated in *Burnside*. See *Curtis*, 913 F.3d at 1152. As such, the Court has federal jurisdiction based on the Second Cause of Action.

## III.   Motion for Judgment on the Pleadings

### A.   Legal Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d

620, 623 (9th Cir. 2012) (citation omitted).

### B.     Second Cause of Action

Defendant argues that it is entitled to judgment as to the Second Cause of Action because this claim is preempted by Section 301. (Def.'s Mot. at 3.) The Court already held that Section 301 preempts Plaintiff's overtime wage claim. *See supra* Discussion Part II.B. However, LRMA preemption of a state-law claim does not automatically result in the cause of action being dismissed. As this Court explained elsewhere:

> Defendant misunderstands the effect of LRMA preemption. Where a claim arises out of a collective bargaining agreement, preemption under section 301 of the LRMA effectively converts any state law claim on the issue into a federal claim based on the bargaining agreement. That a claim is preempted under section 301 does not necessarily require that the claim be dismissed, unlike preemption under a statutory scheme which robs the federal court of jurisdiction. If a claim is preempted under the LRMA, a defendant must still prove that the claim is required to be dismissed on a separate ground.

*Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-CV-01413-DJC-DB, 2023 WL 6519308, at *7 (E.D. Cal. Oct. 5, 2023) (citations omitted), aff'd, No. 23-3379, (9th Cir. Aug. 14, 2025). Accordingly, because the Second Cause of Action is preempted, this claim is converted into a federal claim under the CBA, and Defendant provides no reason to dismiss this converted claim.

Despite Defendant's failure to properly address this issue in the initial briefing,[3] the Court does find that Plaintiff's claim for overtime wages – which the Court found to be preempted by Section 301 – must be dismissed for Plaintiff's failure to allege that he engaged in the grievance procedure at all, including those parts clearly applicable to individual employees. "[A]n employee seeking to vindicate personal rights under a

---

[3] After the matter was submitted on the papers, the Court ordered supplemental briefing on the following issues: "First, assuming the Court concludes it otherwise has federal question jurisdiction over the Second Cause of Action, the parties should address whether the Court should dismiss this claim for Plaintiff's failure to allege exhaustion of the grievance procedure outlined in the collective bargaining agreement. Second, if the Court dismisses the Second Cause of Action, the parties should address whether the Court should exercise supplemental jurisdiction over the remaining claims." (ECF No. 18). Both Parties filed a response. (ECF Nos. 19, 20.)

1   collective bargaining agreement must first attempt to exhaust any mandatory or
2   exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty*
3   *Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007).  The "failure to exhaust
4   contractually mandated procedures precludes judicial relief for breach of the
5   collective bargaining agreement." *Id.* at 986.  As such, a plaintiff must allege in the
6   complaint that they exhausted the grievance procedures.  *Id.* at 988 (collecting cases).
7         The CBA contains a grievance procedure for purposes of dispute resolution
8   between Defendant and its employees' union. (CBA, Art. 1.)  The grievance
9   procedure sets forth a five-step process for resolving disputes.  If after the fourth step
10  of the grievance procedure the dispute is not settled, the dispute may be referred to
11  arbitration. (*Id*.)  The arbitration procedure further provides that the decision of the
12  arbitrator shall be final and binding on Defendant and the union. (*Id*.)  Plaintiff has not
13  alleged that he initiated, much less completed, any part of the five-step grievance
14  procedure for any dispute regarding his employment, including his overtime claim.
15  As such, the parties agree that this claim must be dismissed. (Pl.'s Supp. Brief at 1;
16  Def.'s Supp. Brief at 3.)
17        Plaintiff argues in his opposition brief that the grievance procedure is
18  unconscionable and therefore the CBA should be rendered invalid. (Pl.'s Opp'n at 1–
19  3, ECF No. 14.)  The Court is not persuaded by either of Plaintiff's main arguments.
20  First, Plaintiff maintains that the CBA's requirement that Defendant and the union split
21  arbitration fees violates state law. (*Id*. at 2.)  Plaintiff relies on the California Supreme
22  Court's holding that "when an employer imposes mandatory arbitration as a condition
23  of employment, the arbitration agreement or arbitration process cannot generally
24  require the employee to bear any *type* of expense that the employee would not be
25  required to bear if he or she were free to bring the action in court." *Armendariz v.*
26  *Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 110–11 (2000) (emphasis original).
27  Plaintiff does not explain how the CBA requires him to bear a type of expense he
28  would not be required to bear if he was free to bring action in court.  Indeed, an

9

individual employee does not even bear arbitration expenses, as the <u>union</u> splits fees with Defendant. (*See* CBA at 2.) As such, Plaintiff fails to establish that the CBA violates state law.

Plaintiff's second argument for holding the CBA unconscionable is that the entire grievance process is "illusory" because there are five steps to navigate and arbitration is not even guaranteed but rather contingent on a decision of the Labor-Management Committee. (Pl.'s Opp'n at 2; *see also* CBA, Art. I.) To support his position, Plaintiff relies on *OTO, L.L.C. v. Kho*, where the California Supreme Court found an arbitration agreement unconscionable because it required the arbitration process to adhere to "all rules of pleading (including the right of demurrer), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment under Code of Civil Procedure Section 631.8." 8 Cal. 5th 111, 119 (2019). Because the arbitration process "effectively require[d] that employees hire counsel" to navigate it, the court held that the arbitration agreement "effectively block[ed] every forum for the redress of disputes, including arbitration itself." *Id*. at 134 (citation omitted). *Kho* is inapposite because the arbitration process here is "carried out in accordance with the rules of the American Arbitration Association," not the complex legal rules at place in *Kho*. (CBA, Art. I.) There is no indication that an employee such as Plaintiff would need to retain legal counsel or bear some other expense to navigate the process up to arbitration, at which point the arbitration expenses would be split between Defendant and the union. (*Id*.) As such, Plaintiff's arguments fail and the Court declines to invalidate the CBA.

Because Plaintiff has not alleged that he exhausted his claims under the grievance procedure set forth in the CBA, Plaintiff's claim for overtime wages must be dismissed. As such, the Second Cause of Action is dismissed, as is any derivative

claim for overtime wages.[4] (*See* Def.'s Mot. at 6.) Because Plaintiff requests this claim be dismissed with prejudice, *see* Pl.'s Supp. Brief at 1, the Court will not grant leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (denial of leave to amend appropriate where amendment would be futile because the plaintiff has no additional facts to plead); *Renteria-Hinjosa*, 2023 WL 6519308, at *8 (denying leave to amend because plaintiff confirmed at the hearing that they could not allege to have engaged in the grievance procedure).

**IV.   Supplemental Jurisdiction**

Under 28 U.S.C. Section 1367, where a federal court has jurisdiction over any claim, it may exercise supplemental jurisdiction over all other claims which are related to the claims over which it has original jurisdiction. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Where the only claim over which the Court has jurisdiction must be dismissed, courts generally decline to retain jurisdiction over Plaintiff's remaining state claims. *See Gibbs*, 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3). Plaintiff favors remand, *see* Pl.'s Supp. Brief at 2–5, and Defendant concedes that the Court has the discretion to remand, *see* Def.'s Supp. Brief at 7. The Court therefore exercises its discretion not to retain jurisdiction and remands the case back to state court. *Accord Renteria-Hinjosa*, 2023 WL 6519308, at *8 (remanding action to state court after dismissing the only claim preempted by Section 301); *Corlew v. Superior Duct Fabrication, Inc.*, No. 22-CV-04466-JLS-E, 2022 WL 17834201, at *11 (C.D. Cal. Dec. 21, 2022) (same).

////

////

---

[4] The other claims which are not preempted do not require a showing of exhaustion because they do not arise under the CBA like the untimely overtime wages claim does. "[A]n employee covered by a CBA is not required to exhaust the agreement's grievance procedure for claims that are not based on the CBA but arise from statutory rights independent of that agreement." *Lim v. Prudential Ins. Co. of Am.*, 36 F. App'x 267, 271 (9th Cir. 2002) (quoting *Albertson's Inc. v. United Food & Commercial Workers Union*, 157 F.3d 758, 760–61 (9th Cir.1998)).

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand (ECF No. 12) and GRANTS IN PART Defendant's Motion for Judgment on the Pleadings (ECF No. 10).  Specifically, the Court dismisses with prejudice the Second Cause of Action and any derivative claim for overtime wages.  Because the Court declines to exercise supplemental jurisdiction, it does not reach Defendant's Motion as to whether the Sixth Cause of Action is time-barred.

The Clerk of the Court shall remand this matter to the County of San Joaquin Superior Court.

IT IS SO ORDERED.

Dated: **August 14, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

12